Filed 4/13/23  Koslow v. State Bar of California CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| DAVID S. KOSLOW, | |
| Plaintiff and Appellant, | E078594 |
| v. | (Super.Ct.No. CVPS2103087) |
| THE STATE BAR OF CALIFORNIA, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatcho, Judge.  Affirmed.

David S. Koslow, in pro. per., for Plaintiff and Appellant.

Office of the General Counsel of the State Bar of California, Robert G. Retana and Rita K. Himes for Defendant and Respondent.

David S. Koslow brought this action against the State Bar of California and other defendants, including Data Ticket, Inc. (Data Ticket).  Koslow alleges that Data Ticket is operating an unlawful lawyer referral service in violation of Business and Professions Code section 6155, subdivision (a)(1).  (Unlabeled statutory citations refer to the

1

Business and Professions Code.)  Koslow's sole cause of action against the State Bar seeks an order compelling the agency to prosecute this action as the real party in interest. The State Bar demurred to the operative complaint, the trial court sustained the demurrer without leave to amend and entered a judgment of dismissal, and Koslow appealed.  We affirm the judgment of dismissal.

## BACKGROUND

Koslow's second amended complaint (SAC) alleges as follows.  Data Ticket provides citation processing services to local governments and other entities.  Among other things, Data Ticket conducts administrative hearings at which citizens may contest their citations.  The company provides hearing officers to preside over those administrative hearings.  Defendant Steven Napolitano is one of the hearing officers and is an attorney.  Data Ticket thus refers its clients to attorneys like Napolitano, but the State Bar has not certified Data Ticket as a lawyer referral service, as required by section 6155, subdivision (a)(1).  In addition, Data Ticket is not complying with other requirements of section 6155 for lawyer referral services.  And section 6155, subdivision (a)(1), prohibits Napolitano from accepting referrals from an uncertified lawyer referral service like Data Ticket.  Koslow has filed State Bar complaints against Data Ticket and Napolitano alleging that they have violated section 6155.[1]

---

[1] The State Bar investigated and closed Koslow's complaint against Napolitano, concluding that Koslow "had not presented sufficient facts to establish a violation of [Napolitano's] ethical duties."  Koslow asks us to take judicial notice of his accusation against Napolitano filed in the Supreme Court.  The accusation seeks review of the State Bar's decision to close the complaint against Napolitano.  We deny the request for

2

The SAC does not allege any wrongdoing by the State Bar. The sole cause of action against the agency seeks an "order compelling the State Bar of California to prosecute this civil action as the real party in interest." (Boldface, underlining, and capitalization omitted.) The SAC alleges that the State Bar is a necessary party to this action and should be a "Plaintiff or co-Plaintiff."

The State Bar demurred to the SAC on the grounds that (1) the SAC did not state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)) and (2) there was a misjoinder of parties (*id.*, § 430.10, subd. (d)). The trial court sustained the demurrer without leave to amend. The court reasoned that it had no authority to compel the State Bar to intervene or to be joined as a plaintiff against the agency's will. Further, the State Bar was not a necessary party, because section 6155 permitted Koslow to seek injunctive relief without the State Bar's participation. The court ruled that the allegations of the SAC did not state a cause of action against the State Bar under any theory and entered a judgment of dismissal in favor of the State Bar.

## DISCUSSION

Koslow argues that the court erred by sustaining the State Bar's demurrer. (He does not argue that the court also erred by denying him leave to amend.) We disagree.

Section 6155, subdivision (a)(1), requires individuals or entities that operate a lawyer referral service to register with the State Bar and operate according to minimum

---

judicial notice because the accusation is irrelevant and unnecessary to our resolution of this appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

standards established by the State Bar.  (See Rules of State Bar, rules 3.800-3.808 [governing certification of lawyer referral services], 3.820-3.829 [setting forth minimum standards for lawyer referral services].)  "A violation or threatened violation of [section 6155] may be enjoined by any person."  (§ 6155, subd. (e).)  In addition, the State Bar may bring an action for civil penalties for violations of section 6155.  (§ 6156, subd. (a)(2).)

We review an order sustaining a demurrer de novo.  (*Abatti v. Imperial Irrigation District* (2020) 52 Cal.App.5th 236, 294-295.)  "[W]e accept the truth of material facts properly pleaded, but not contentions, deductions, or conclusions of fact or law."  (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 346.)  We must affirm the order sustaining the demurrer if "the complaint fails to state a cause of action under any possible legal theory."  (*Sheehan v. San Francisco 49ers, Ltd.* (2009) 45 Cal.4th 992, 998.)

In this case, the trial court properly sustained the State Bar's demurrer.  The SAC does not allege that the State Bar violated any laws or committed any other wrong.  The SAC instead seeks an order compelling the State Bar to prosecute this action against Data Ticket and Napolitano.  But the SAC does not identify the legal authority for such an order.  Even if we were to construe the SAC as a petition for writ of mandate compelling the State Bar to act, that petition would fail.  (See Code Civ. Proc., §§ 1084, 1085, subd. (a); *Santa Clara County Counsel Attys. Assn. v. Woodside* (1994) 7 Cal.4th 525, 539 ["The availability of writ relief to compel a public agency to perform an act prescribed by law has long been recognized"].)  Mandamus does "not lie to control

4

discretion conferred upon a public officer or agency." (*Shamsian v. Department of Conservation* (2006) 136 Cal.App.4th 621, 640.)  Rather, the petitioner must show a "'clear, present and usually ministerial duty on the part of the respondent.'" (*Woodside*, *supra*, at p. 539.)  Section 6156 authorizes the State Bar to seek civil penalties against individuals or entities that violate section 6155, but nothing in the statutory language requires the agency to do so whenever a private citizen alleges (or even proves) such a violation.[2]  Similarly, section 6155, subdivision (e), authorizes "any person" to seek injunctive relief, but it does not require any person to do so.  "[A]bsent a clear duty imposed by law . . . , mandamus is not a proper vehicle for resolution of [Koslow's] asserted grievance." (*Shamsian*, *supra*, at p. 640.)

Koslow argues that the court erred because Code of Civil Procedure section 389 requires the State Bar's joinder.  He contends that in the State Bar's absence, he will not be afforded complete relief.  The argument lacks merit.  Code of Civil Procedure section 389 compels joinder of a party if, in their absence, "complete relief cannot be accorded among those already parties." (Code Civ. Proc., § 389, subd. (a).)  "The 'complete relief' clause 'requires joinder when nonjoinder precludes the court from effecting relief not in some overall sense, but between *extant parties*.  In other words, joinder is required only when the absentee's nonjoinder precludes the court from rendering complete justice *among those already joined*.'" (*Countrywide Home Loans, Inc. v. Superior Court* (1999)

---

**2**    In pertinent part, the statute states that "[a]ny individual, partnership, association, corporation, or other entity . . . that engages, has engaged, or proposes to engage in violations of Section 6155, shall be liable for a civil penalty . . . , which shall be assessed and recovered in a civil action brought" by the State Bar. (§ 6156, subd. (a)(2).)

69 Cal.App.4th 785, 793-794.) "'The "complete relief" clause does not contemplate other potential defendants, or other possible remedies.'" (*Id.* at p. 794.) Here, section 6155 authorizes Koslow to seek injunctive relief against Data Ticket and Napolitano. That is the only relief available to Koslow under the law, and his right to that relief does not depend on the State Bar's participation in this action. The "complete relief" clause therefore does not require the State Bar's joinder.

For these reasons, the court did not err by sustaining the State Bar's demurrer. It properly determined that the SAC fails to state a cause of action against the State Bar under any theory.

DISPOSITION

The judgment of dismissal is affirmed. The State Bar shall recover its costs of appeal. (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

MILLER
Acting P. J.
CODRINGTON
J.

6